|  |  |
|---|---|
| STEVEN PAUL MOORE,<br><br>Plaintiff,<br><br>v.<br><br>RALPH DIAZ, NKIRUKA AKABIKE,<br><br>Defendants. | Case No. 1:20-cv-01089-HBK (PC)<br><br>SCREENING ORDER DIRECTING THE FILING OF AN AMENDED COMPLAINT;<br><br>FILE NOTICE TO VOLUNTARILY DISMISS DEFENDANT AND OTHER CLAIMS DEEMED NOT COGNIZABLE; OR,<br><br>STAND ON COMPLAINT SUBJECT TO COURT RECOMMENDING DISMISSAL OF DEFENDANT AND CLAIMS DEEMED NOT COGNIZABLE TO THE DISTRICT COURT[1]<br><br>TWENTY-ONE (21) DAY DEADLINE<br><br>(Doc. No. 1)<br><br>ORDER GRANTING PLAINTIFF'S CONSTRUED MOTION FOR A STATUS UPDATE<br><br>(Doc. No. 12) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Pending before the Court for screening under 28 U.S.C. § 1915A is the pro se civil rights Complaint filed under 42 U.S.C. § 1983 by Plaintiff Steven Moore—a prisoner. (Doc. No. 1, Complaint). Also pending is Plaintiff's construed motion for a status update. (Doc. No. 12).

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Eastern District of California Local Rule 302 (E.D. Cal. 2022).

1   For the reasons set forth below, the Court finds the Complaint states a cognizable Eighth
2   Amendment medical deliberate indifference claim against Dr. Nkiruka Akabike but no other
3   claim.  The Court affords Plaintiff the option to file an amended complaint, file a notice to
4   proceed only on his claims deemed cognizable, or stand on his complaint subject to the
5   undersigned recommending the district court dismiss this action.  The Court grants Plaintiff's
6   construed motion for a status update to the extent it issues this Screening Order.

## BACKGROUND AND SUMMARY OF COMPLAINT

Plaintiff is prisoner confined within the California Department of Corrections and Rehabilitation (CDCR) who was confined at SATF-Corcoran II at the time the events giving rise to Plaintiff's claim. (Doc. No. 1 at 1). The Complaint identifies Ralph Diaz, the then-Secretary of CDCR, and Dr. Nkiruka Akabike as Defendants. (Doc. No. 1 at 1, 2). Plaintiff alleges Defendants Ralph Diaz and Dr. Akabike were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. (*Id*. at 3-4). The Complaint sets forth the following facts, which are presumed true at this stage of the proceedings. Plaintiff "suffers from severe crippling foot pain, toe pain, ganglionic cysts, onychomycosis, onychocryptosis, paronychia, and edema … " (*Id*. at 4). A specialist, Orlando Zorrilla, DPM, recommended Plaintiff receive orthopedic shoes and insoles. (*Id*. at 3). Dr. Hails approved orthopedic shoes and insoles and issued a permanent medical chrono for durable medical equipment for Plaintiff. (*Id*.). Despite Dr. Zorrilla's recommendation and Dr. Hails' approval of the orthopedic shoes and insoles, Dr. Akabike refused to provide Plaintiff with orthopedic shoes and insoles and told him that "there was no such thing as a permanent chrono, even after [Plaintiff] showed her his patient summary for ADA-disability placement program." (*Id*. at 4). Dr. Akabike informed Plaintiff that "due to state medical costs she was ordered to re-evaluate everyone who requested new orthotics." (*Id*.) Plaintiff requested a light-duty-chrono to help alleviate some of his pain, which Dr. Akabike also denied. (*Id*.). Plaintiff experiences pain twenty-four hours a day. (*Id*.). Notably, Plaintiff "is forced to perform his job assignment which causes him to be on his feet almost all day long, and to lift heavy boxes, without orthopedic shoes and support insoles, which causes [Plaintiff] extremely severe crippling pain." (*Id*.).

Second, Plaintiff claims Defendants Ralph Diaz and Dr. Akabike violated the American with Disabilities Act (ADA) and Rehabilitation Act (RA) for denying him orthopedic shoes and insoles. (*Id*. at 5-6). In support, Plaintiff incorporates the facts stated in his Eighth Amendment claim. (*Id*. at 5). Plaintiff states he has a qualifying disability under the ADA. (*Id*.) Finally, Plaintiff explains that because he was denied the reasonable accommodation of therapeutic shoes and arch supports, he could not participate in unspecified CDCR programs, services, and activities. (*Id*. at 6).

For relief, Plaintiff requests a declaratory judgment; award of monetary damages, compensatory damages, and punitive damages in an amount determined by the court; the costs of the suit; and any further relief deemed appropriate. (*Id*. at 8).

## SCREENING REQUIREMENT

Plaintiff commenced this action while in jail and is subject to the Prison Litigation Reform Act ("PLRA"), which requires, *inter alia*, the court to screen any complaint that seeks relief against a governmental entity, its officers, or its employees before directing service upon any defendant. 28 U.S.C. § 1915A. This requires the Court to identify any cognizable claims and dismiss the complaint, or any portion, if is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

At the screening stage, the Court accepts the factual allegations in the complaint as true, construes the complaint liberally, and resolves all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). A court does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

The Federal Rules of Civil Procedure require only that the complaint include "a short and plain statement of the claim showing the pleader is entitled to relief. . .." Fed. R. Civ. P. 8(a)(2). Nonetheless, a claim must be facially plausible to survive screening. This requires sufficient

factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

## APPLICABLE ANALYSIS

### A. Eighth Amendment Medical Deliberate Indifference

Deliberate indifference to the serious medical needs of an incarcerated person constitutes cruel and unusual punishment in violation of the Eighth Amendment. *See Estelle v. Gamble,* 429 U.S. 97, 104 (1976). A finding of "deliberate indifference" involves an examination of two elements: the seriousness of the plaintiff's medical need (determined objectively) and the nature of the defendant's response (determined by defendant's subjective state of mind). *See McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir.1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir.1997) (en banc). On the objective prong, a "serious" medical need exists if the failure to treat "could result in further significant injury" or the "unnecessary and wanton infliction of pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014). On the subjective prong, a prison official must know of and disregard a serious risk of harm. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Such indifference may appear when a prison official intentionally denies or delays care, or intentionally interferes with treatment once prescribed. *Estelle,* 429 U.S. at 104-05.

Here, accepting Plaintiff's allegations as true, the Complaint states a cognizable medical deliberate indifference claim against Dr. Akabike. For purposes of this Screening Order, the Court finds Plaintiff's issues with his feet constitute a serious medical need. Further, the allegations show Dr. Akabike knew of his Plaintiff's serious medical need, was aware that a

4

specialist had recommended Plaintiff receive orthopedic shoes and insoles, that another physician, Dr. Hails, had approved orthopedic shoes and insoles for Plaintiff, but chose not to issue orthopedic shoes and insoles to Plaintiff for alleged cost saving reasons.  Plaintiff also described the continuing pain he experiences by not having orthopedic shoes and insoles.  Dr. Akabike's failure to take any action, including not placing Plaintiff a light-duty chrono, is sufficient at this state to state a cognizable claim.  *See McGurkin v. Smith*, 974 F.2d 1050, 1060-61 (9th Cir. 1992) (explaining that a defendant's action or failure to act could be sufficient to establish a deliberate indifference to a serious medical need) (overruled on other grounds by *WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997)) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Ortiz v. City of Imperial*, 884 F.2d 1312, 1313-14 (9th Cir. 1989)).

While Plaintiff states a cognizable claim against Dr. Akabike, he fails to state a claim against Ralph Diaz, the former Secretary of CDCR.  Plaintiff's Complaint is devoid of any facts specific to Ralph Diaz.  *See Id.* ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice…") (citations omitted).  Furthermore, Defendant Diaz' former supervisory position is not sufficient to attribute liability to him because *respondent superior* does not apply to § 1983 actions.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations or knew of the violations and failed to act to prevent them.  *Id*., *see also Starr v. Baca,* 652 F.3d 1202, 1206–07 (9th Cir. 2011).  Nor does Plaintiff allege an official policy or custom attributable to Defendant Diaz.  *Waggy v. Spokane Cty. Wash.*, 594 F.3d 707, 713 (9th Cir. 2010).

**B. American Disabilities Act and Rehabilitation Act**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  While the RA has the additional requirement that the program or activity receive federal funds, 29 U.S.C. § 794, "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act.  Thus, courts have applied

5

the same analysis to claims brought under both statutes." *Zukle v. Regents of the Univ. of California*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) (internal citations omitted).

Specifically, to state a claim under Title II of the ADA, Plaintiff must allege that:

> (1) he "is an individual with a disability;" (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability."

*McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (alteration in original).

Liberally construing the Complaint, Plaintiff does not state a cognizable ADA or RA claim. Even if Plaintiff's feet qualify as a disability, the Complaint otherwise is devoid of any facts regarding what specific programs or services Plaintiff was denied due to his disability. *See Weinreich v. Los Angeles Cty. Metro. Transp. Auth.*, 114 F.3d 976, 978-79 (holding that a plaintiff must prove the alleged exclusion was solely by reason of a disability). Instead, Plaintiff in a wholly conclusory fashion alleges he was denied services and programs but does specify which services and programs he was denied.

## OPTIONS

The Court finds the Complaint states a cognizable Eighth Amendment deliberate medical indifference claim against Dr. Nkiruka Akabike but no other claim. Accordingly, Plaintiff must choose between the following options:

**First Option:** Proceed only on the claims found cognizable via written Notice to the court to voluntarily dismiss Defendant Ralph Diaz and his ADA and RA claim against Dr. Nkiruka Akabike. The Court will then direct service of the Complaint upon Dr. Akabike.

**Second Option:** File a first amended complaint. Should Plaintiff choose to file a first amended complaint, the amended complaint supersedes (replaces) the initial complaint, and, thus, must be free-standing and complete. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). Plaintiff should use the Court's approved Prisoner Civil Rights Complaint Form and must title it "First Amended Complaint." Plaintiff is advised that no

further amendments will be permitted.

**Third Option:** Stand by the current complaint subject to dismissal of claim and Defendant Diaz consistent with this order.

Alternatively, if Plaintiff fails to timely respond to this Court Order, *i.e.*, fails to elect and notify the Court of any of the three options, the undersigned will recommend that the district court dismiss this case as a sanction for Plaintiff's failure to comply with a court order and for failing to prosecute this action after its determination that the complaint failed to state a claim, which will count as strike under the PLRA. *See* Local Rule 110; Fed. R. Civ. P. 41(b).

Accordingly, it is **ORDERED:**

1. Within twenty-one (21) days from the date of service of this order, Plaintiff shall take one of the following actions: (a) file a Notice that he desires to proceed only on the cognizable Eighth Amendment claim against Dr. Akabike found in this Screening Order; (b) file an amended complaint; or (3) stand by the current complaint subject to dismissal of claims and defendants consistent with this order

2. If Plaintiff fails to timely comply with this Court Order or seek an extension of time to comply, the Court will recommend the district court dismiss this action for Plaintiff's failure to comply with this Court Order and failure prosecute this action.

3. The Clerk of Court shall include a blank civil rights complaint form for Plaintiff's use as he deems appropriate.

4. Plaintiff's motion for a status update (Doc. No. 12) is GRANTED to the extent the Court issues this Screening Order.

Dated:     December 13, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

7