1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    STEVEN PAUL MOORE,                      Case No.  1:20-CV-01089-HBK (PC)

12                  Plaintiff,               ORDER DIRECTING CLERK TO STRIKE
                                             PLAINTIFF'S CONSTRUED FIRST
13         v.                                AMENDED COMPLAINT

14    NKIRUKA AKABIKE,                        (Doc. No. 23)

15                  Defendant.               ORDER STAYING ACTION TO PERMIT
                                             PARTIES TO CONSIDER EARLY ADR
16
                                              NOVEMBER 20, 2023 DEADLINE
17

18         On October 3, 2023, pro se and incarcerated Plaintiff filed an unsigned pleading titled

19   "Amend Pleadings" attaching various exhibits.  (Doc. No. 23).  The Court construes Plaintiff's

20   pleading titled "Amend Pleadings" as a purported first amended complaint.

21         As an initial matter the purported first amended complaint is unsigned.  (*Id*.).  Plaintiff's

22   failure to sign the operative complaint violates Rule 11 of the Federal Rule of Civil Procedure

23   which requires that "[e]very pleading, written motion, and other paper must be signed by at least

24   one attorney of record in the attorney's name—or by a party personally if the party is

25   unrepresented."  Fed. R. Civ. P. 11(a).  Plaintiff's failure to sign the pleading also violates Local

26   Rule 131 (b), which requires among other things that "[a]ll pleadings ... shall be signed by the

27   individual attorney for the party presenting them, or by the party involved if that party is

28   appearing in *propria persona*."  L.R. 131(b).  The Court cannot consider Plaintiff's unsigned first

amended complaint and is required to strike it. *See, e.g., West v. Hulbert*, No. 1:16-CV-00046-DAD, 2016 WL 2854416, at *1 (E.D. Cal. May 16, 2016) ("Because the Court cannot consider unsigned filings, the complaint must be STRICKEN"); *Anderson v. Krpan,* No. 1:14-CV-01380-AWI, 2015 WL 402086, at *2 (E.D. Cal. Jan. 29, 2015) ("The Court cannot consider unsigned filings and therefore, the first amended complaint shall be stricken from the record."). Thus, because Plaintiff's first amended complaint violates Rule 11, it may be stricken on that basis alone.

Additionally, a plaintiff may amend the complaint either twenty-one (21) days after serving it, twenty-one (21) days after a defendant filed a responsive pleading, or twenty-one (21) days after the defendant files a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, a plaintiff may only file an amended complaint if the defendant consents in writing or the court grants the plaintiff leave to file an amended complaint. Fed. R. Civ. P. 15(2). Here, Defendant filed his Answer to Plaintiff's operative complaint on April 12, 2023. (Doc. No. 21). Although the Discovering and Scheduling Order in this case established an October 13, 2023 deadline to amend the pleadings (Doc. No. 22 at 3. III.B), the Court made clear that this date "does not permit any party to unilaterally file an amended pleading. Any amendments to the pleadings must comply with all applicable Federal Rules of Civil Procedure (*i.e*., Rule 15) and Local Rules (*i.e*., Local Rule 220)." (*Id*., fn. 1). Here, it is well past the 21 days since Defendant filed his answer. Thus, Plaintiff may not unilaterally file an amended complaint as a matter of course but may only file an amended complaint with the Defendant's consent or leave of court.

Finally, upon a cursory review of the purported amended complaint, the Court finds it deficient. The purported amended complaint is not free-standing and complete on its face. It does not allege any specific actions attributable to the only named defendant, Dr. Akabike, in this action. Thus, the purported pleading, even if signed, cannot be construed as an amended complaint under Federal rule Civil Procedure 15(a). Instead, pleading sets forth various events that have occurred after the events giving rise to Plaintiff's claim in the operative complaint. Nonetheless, even if the Court construed the pleading as a supplemental pleading, Plaintiff does not have an unqualified right to file a supplemental pleading. *Howard v. City of Coos Bay*., 871

2

1 | F.3d 1032 (9th Cir. 2017).  Thus, the pleading is improper under Fed. R. Civ. P. 15(d).

2 | Consequently, for all these reasons, the Court will strike the purported first amended complaint.

3 |       The Court notes upon further review of the docket that, as is its custom, it had not early

4 | referred this matter to an early settlement conference to permit the parties an opportunity to

5 | resolve this case more expeditiously and less expensively.  *See also* Local Rule 270.  The Court

6 | presumes that all post-screening civil rights cases assigned to the undersigned will proceed to a

7 | settlement conference.  In appropriate cases, defense counsel from the California Attorney

8 | General's Office have agreed to participate in early settlement.  No claims, defenses, or

9 | objections are waived by the parties' participation.

10 |       Attempting to resolve this matter early through settlement now would save the parties the

11 | time and expense of engaging in further discovery and preparing substantive dispositive motions.

12 | The Court therefore will impose a limited STAY of this action to allow the parties to investigate

13 | Plaintiff's claims, meet and confer, and engage in settlement discussion or agree to participate in

14 | an early settlement conference conducted by a magistrate judge.  If, however, after further

15 | investigation of Plaintiff's claims, meeting, and conferring, either party finds that a settlement

16 | conference would be a waste of resources, the party may opt out of the early settlement

17 | conference.

18 |       Accordingly, it is **ORDERED**:

19 |      1.    The Clerk is directed to STRIKE Plaintiff's purported first amended complaint

20 | (Doc. No. 23).

21 |      2.    This action will remain STAYED until further order to allow the parties an

22 | opportunity to settle their dispute.  No pleadings or motions may be filed in this case during the

23 | stay and the parties shall not engage in formal discovery.

24 |      4.    **Within 45 days** from the date on this Order, or no later than November 20, 2023,

25 | the parties shall file a notice if they object to proceeding to an early settlement conference or if

26 | they believe that settlement is not currently achievable.  **If either party objects to a settlement**

27 | **conference the Court will LIFT the STAY and extend, as necessary, any remaining**

28 | **deadlines in the Discovery and Scheduling Order.**

3

5.      If neither party has opted out of settlement by the expiration of the objection period, the Court will assign this matter by separate Order to a United States Magistrate Judge, other than the undersigned, for conducting the settlement conference.

6.      If the parties reach a settlement prior to the settlement conference, they SHALL file a Notice of Settlement as required by Local Rule 160

Dated:    October 4, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE