UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MOORE,<br><br>        Plaintiff,<br><br>    v.<br><br>NKIRUKA AKABIKE,<br><br>        Defendant. | Case No. 1:20-cv-01089-HBK (PC)<br><br>ORDER DENYING DEFENDANT'S MOTION FOR EXTENSION OF TIME<br><br>(Doc. No. 36)<br><br>DECEMBER 10, 2024 DEADLINE |

      Pending before the Court is Defendant Nkiruka Akabike's Motion for Extension of Time filed on November 25, 2024. (Doc. No. 36). Defendant seeks an extension of 77 days to file a dispositive motion. The Discovery and Scheduling Order issued on November 28, 2023 directed all discovery to be completed no later than August 27, 2024 and dispositive motions to be filed no later than November 26, 2024. (Doc. No. 30). The parties were further warned that:

> Any requests for an extension to any deadline set in this Discovery and Scheduling Order must be filed at least seven (7) days prior to its expiration. The deadlines set forth above are firm and will only be extended upon a showing of good cause. Eleventh hour motions, i.e., motions filed on the eve of the deadline expiration, to extend a deadline will only be granted upon a showing of extraordinary circumstances.

(*Id*. at 3:15-19). Defendant seeks an extension to the dispositive motion's deadline, citing defense counsel's competing deadlines and a heavy caseload of other prisoner litigation matters. (Doc.

1

No. 36-1 at ¶ 5). Defendant further alludes to the need to engage in discovery. (*Id.* ¶ 4, stating additional time will "provide sufficient time to serve and review discovery materials."). Discovery closed three months ago. Counsel does not indicate whether he conferred with Plaintiff prior to seeking the extension of time.

Nonetheless, the Court warned all parties that it will not grant eleventh hour deadlines absent extraordinary circumstances. (Doc. No. 30 at 3:15-19). Nor does counsel's heavy caseload constitute extraordinary circumstances or good cause. *See Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1179 (D. Nev. 2022) (attorney's "busy schedule is not good cause for the extension sought") (collecting cases). "The Ninth Circuit has . . . repeatedly and emphatically addressed the importance of scheduling orders as tools for district courts to manage their heavy caseloads." *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2021) (collecting cases). As articulated in one of those cases:

> A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). Given the age of the instant case, the Court finds it particularly important to adhere to the operative Discovery and Scheduling order to ensure that this case timely proceeds to a resolution. The Court will afford Defendant a two-week extension to file a dispositive motion, if appropriate.

ACCORDINGLY, it is **ORDERED**:

Defendant Nkiruka Akabike's motion for extension of time (Doc. No. 36) is DENIED. The Court, however, will permit Defendant a limited two-week extension of time to file a dispositive motion. Any dispositive motion must be filed **no later than December 10, 2024**.

Dated:   November 26, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE